ERIC GRANT
United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MARCOS GONZALEZ-REYES,<br>Defendant. | CASE NO. 2:25-CR-00192-TLN<br>PLEA AGREEMENT |

## I. INTRODUCTION

### A. Scope of Agreement

The indictment in this case charges the defendant with one count of distributing child sexual abuse material in violation of 18 U.S.C. § 2252(a)(2), and one count of possessing child sexual abuse material in violation of 18 U.S.C. § 2252(a)(4)(B). This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B. Court Not a Party

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances

concerning the criminal activities of the defendant, including activities which may not have been charged in the indictment. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II. DEFENDANT'S OBLIGATIONS

### A. Guilty Plea

The defendant will plead guilty to Count One of the indictment. The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the Factual Basis for Guilty Plea attached hereto as Exhibit A (the "factual basis") are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this plea agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this plea agreement. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this plea agreement generally.

### B. Restitution

The defendant agrees that the conduct to which he is pleading guilty requires him to pay mandatory restitution to the victims of his offenses under 18 U.S.C. § 2259. Further, pursuant to 18 U.S.C. § 3663(a)(1), the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The

defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110 of the United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Pursuant to 18 U.S.C. § 3663(a)(3), the defendant agrees to pay restitution to all victims of any counts to be dismissed pursuant to this plea agreement. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if any victim's losses are not ascertainable prior to sentencing. The defendant agrees that the amount of restitution will be between $3,000 and $50,000 per victim.

The defendant agrees that all criminal monetary penalties imposed by the Court, including restitution, will be due in full immediately at time of sentencing and subject to immediate enforcement by the government. The defendant agrees that any payment schedule or plan set by the Court is merely a minimum and does not foreclose the United States from collecting all criminal monetary penalties at any time through all available means. The defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding. Payment of restitution shall be by cashier's or certified check made payable to the Clerk of the Court.

The defendant shall not sell, encumber, transfer, convey, or otherwise dispose of any of his assets without prior written consent of the United States Attorney, except that the defendant may sell, transfer, or convey personal property (including used vehicles and personal items, but not financial instruments, ownership interests in business entities, or real property) with an aggregate value of less than $5,000.

**C. <u>Fine</u>**

The parties agree that no fine is appropriate in this case.

**D. <u>Special Assessments</u>**

The defendant agrees to pay special assessments as ordered by the Court at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office ("Probation") immediately before the sentencing hearing. The defendant agrees that these special assessments could include the following:

1. A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

2. A mandatory special assessment of $5,000 pursuant to 18 U.S.C. § 3014, if the Court determines that the defendant is a non-indigent person for purposes of that section; and

3. A discretionary special assessment of up to $35,000 pursuant to 18 U.S.C. § 2259A(a)(2).

The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessments prior to the sentencing hearing. If the defendant is unable to pay the ordered special assessments at the time of sentencing, he agrees to earn the money to pay the assessments, if necessary by participating in the Inmate Financial Responsibility Program.

**E. <u>Violation of Plea Agreement by Defendant/Withdrawal of Plea</u>**

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth in this plea agreement. A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case; or by engaging in any post-plea conduct constituting obstruction of justice. Varying from stipulated application of the United States Sentencing Commission Guidelines Manual ("U.S.S.G." or the "Guidelines") or agreements regarding arguments as to 18 U.S.C. § 3553, as set forth in this agreement, personally or through counsel, also constitutes a violation of the plea agreement. The government also shall have the right (i) to prosecute the defendant on any of the counts to which he pleaded guilty, (ii) to reinstate any counts that may be dismissed pursuant to this plea agreement, and (iii) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of

limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement. The determination of whether the defendant has violated the plea agreement will be under a probable cause standard.

In addition, all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant. Further, the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

**F. Forfeiture**

The defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253(a). Those assets include, but are not limited to, the following:

1. Lenovo Ideapad Y700 laptop, Serial Number: PF0E4Y7Y; and
2. Solid-state device hard drive, Serial Number: SU001TBP34A80M28AB.

The defendant agrees that the listed assets constitute property that was used or intended to be used to commit and promote a violation of 18 U.S.C. § 2252(a)(2). The defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States. The defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed assets. The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions.

The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

**G. Asset Disclosure**

The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Disclosure Statement" within three weeks from the entry of the defendant's guilty plea, including supporting documentation. The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's Office within the allotted time, he will be considered in violation of this plea agreement, and the government shall be entitled to the remedies set forth in section II.E of this plea agreement.

The defendant expressly authorizes the United States to immediately obtain a credit report to evaluate the defendant's ability to satisfy any monetary penalties imposed by the Court. The defendant also authorizes the government to inspect and copy all financial documents and information held by Probation.

## III. THE GOVERNMENT'S OBLIGATIONS

**A. Dismissal**

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining count in the pending indictment. The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in sections II.E, VI.B, and VII.B of this plea agreement.

///

**B. Recommendations**

1. Incarceration Range

The government will recommend that the defendant be sentenced to the low end of the applicable guideline range (including the application of the mandatory statutory minimum term) as determined by the Court.

2. Acceptance of Responsibility

The government will recommend a 2-level reduction (if the offense level is less than 16) or a 3-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the presentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G. § 3C1.1, either in the preparation of the presentence report or during the sentencing proceeding.

**C. Use of Information for Sentencing**

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this plea agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, distribution of child sexual abuse material in violation of 18 U.S.C. § 2252(a)(2):

1. Beginning no later than December 6, 2024, and continuing until no earlier than December 8, 2024, the defendant knowingly distributed a visual depiction using any means or facility of interstate commerce, including by computer;

2. The production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

3. The visual depiction was of a minor engaged in sexually explicit conduct;

4. The defendant knew that such visual depiction was of sexually explicit conduct; and

5. The defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

The defendant fully understands the nature and elements of the crime charged in the indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V. MAXIMUM SENTENCE

### A. Maximum Penalty

The maximum sentence that the Court can impose is twenty years in prison, a fine of $250,000, a lifetime period of supervised release, and special assessments of $40,100. The charge to which the defendant agrees to plead guilty carries a mandatory minimum sentence of five years in prison, to be followed by a mandatory minimum of five years of supervised release.

By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count to which he is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B. Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release. In certain circumstances, when a person is required to register as a sex offender and then commits certain other federal sex offenses, the Court may revoke the defendant's supervised release and impose a prison sentence of at least five years. The Supreme Court has held that such a revocation requires a finding by a jury, however, not by a judge.

///

///

///

## VI. SENTENCING DETERMINATION

### A. Statutory Authority

The defendant understands that the Court must consult the Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

### B. Estimated Guideline Calculation

The parties agree that the following is their present best estimate of the sentencing guidelines variables. These estimates shall not be binding on the Court, Probation, or the parties:

1. Base Offense Level: 22, pursuant to U.S.S.G. § 2G2.2(a)(2), because the defendant will plead guilty to a violation of 18 U.S.C. § 2252(a)(2).

2. Specific Offense Characteristics:

   a) +2 levels, pursuant to U.S.S.G. § 2G2.2(b)(2), because the defendant distributed material that depicted prepubescent minors;

   b) +2 levels, pursuant to U.S.S.G. § 2G2.2(b)(3)(F), because the defendant knowingly engaged in distribution of child sexual abuse material by making it available for download by other users of the defendant's preferred peer-to-peer file-sharing program;

   c) +2 levels, pursuant to U.S.S.G. § 2G2.2(b)(6), because the defendant used an interactive computer service to distribute child sexual abuse material; and

   d) +5 levels, pursuant to U.S.S.G. § 2G2.2(b)(7)(D), because undercover law enforcement agents downloaded 139 video files depicting child sexual abuse material directly from the defendant's computer.

3. Adjustment for Acceptance of Responsibility: See section III.B.2 of this plea agreement.

The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references, except that the government may move for an adjustment based on the defendant's post-plea obstruction of justice pursuant to U.S.S.G. § 3C1.1. Both parties agree not to move for, or argue in support of, any variance from the Guidelines under *United States v. Booker*, 543 U.S. 220 (2005).

The defendant also agrees that the application of the Guidelines to his case results in a reasonable sentence and that the defendant will not request that the Court apply the sentencing factors under 18 U.S.C. § 3553 to arrive at a different sentence than that called for under the Guidelines' advisory guideline range as determined by the Court. The defendant acknowledges that if the defendant requests or suggests in any manner a different sentence than what is called for under the advisory guideline range as determined by the Court, that will be considered a violation of the plea agreement. The government's remedies and remaining obligations in this agreement shall be as outlined in section II.E of this plea agreement.

## VII. WAIVERS

### A. Waiver of Constitutional Rights

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (i) to plead not guilty and to persist in that plea if already made; (ii) to be tried by a jury; (iii) to be assisted at trial by an attorney, who would be appointed if necessary; (iv) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (v) to subpoena witnesses to testify on his behalf; (vi) to confront and cross-examine witnesses against him; and (vii) not to be compelled to incriminate himself.

### B. Waiver of Appeal and Collateral Attack

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not

exceed the statutory maximum for the offense to which he is pleading guilty. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statute to which the defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (i) the sentence imposed by the Court exceeds the statutory maximum, and/or (ii) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this plea agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in section III.A of this plea agreement, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on the count to which he is pleading guilty, the government shall have the rights set forth in section II.E of this plea agreement.

### C. <u>Impact of Plea on Defendant's Immigration Status</u>

The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. The defendant and his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 U.S.C. § 1101(a)(43), and that while there may be arguments that the defendant can raise in immigration or denaturalization proceedings to avoid or delay removal, it is virtually certain that the defendant will be removed if he becomes subject to denaturalization and removal proceedings. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant

understands that no one, including his attorney or the Court, can predict to a certainty the effect of the defendant's conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his removal from the United States.

**D. <u>Sex Offender Registration</u>**

The defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current and shall notify the state sex offender registration agency or agencies of any changes to his name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the defendant resides in California following release from prison, he will be subject to the registration requirements of section 290 of the California Penal Code.

The defendant further understands that, pursuant to 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. As a condition of supervised release, the defendant shall initially register with the state sex offender registration agency in California, and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the defendant's probation officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to his probation officer within seventy-two hours of release from imprisonment.

///

///

///

**E. Special Condition of Supervised Release**

The defendant agrees that, based on the nature of the offense and his use of his personal electronic devices to commit that offense, the Court should impose the following special condition of supervised release, which is reasonably related to deterrence and rehabilitation:

> The defendant shall submit his person, residence, workplace, vehicle, electronic devices and their data (including cellular phones, computers, and electronic storage media), and any property under the defendant's control to a search. Such a search shall be conducted by a United States Probation Officer in furtherance of the supervision of the defendant at any time, with or without suspicion, or by any federal, state, or local law enforcement officer at any time, with reasonable suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

## VIII. ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX. APPROVALS AND SIGNATURES

**A. Defense Counsel**

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 11/19/26

MARK REICHEL
Attorney for Defendant

**B. Defendant**

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the United States Sentencing Commission Guidelines Manual that may apply to my case. No other promises or inducements have been made to

me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 11/19/26

MARCOS GONZALEZ-REYES
Defendant

**C. Court Certified Interpreter/Translator**

I declare that I am a court-certified Spanish-English interpreter/translator. On ________________, I read the entire contents of the foregoing plea agreement to Marcos Gonzalez-Reyes, translating the document from English to Spanish.

Dated:

Interpreter/Translator

**D. Attorney for United States**

I accept and agree to this plea agreement on behalf of the government.

Dated: 11/19/26

ERIC GRANT
United States Attorney

SAM STEFANKI
Assistant United States Attorney

**EXHIBIT "A"**
**Factual Basis for Guilty Plea**

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

Between December 6 and December 8, 2024, defendant Marcos Gonzalez-Reyes knowingly distributed hundreds of depictions of children engaging in sexually explicit conduct. Specifically, Gonzalez-Reyes used a peer-to-peer file-sharing service installed to his personal computer (a Lenovo Ideapad Y700 laptop bearing the serial number PF0E4Y7Y, which Gonzalez-Reyes kept at his residence in Vallejo) to make hundreds of depictions of child sexual abuse material ("CSAM") available for download by others. Gonzalez-Reyes did so by saving CSAM to a folder on his computer's hard drive the contents of which he knew would be immediately accessible for download by anyone using the same peer-to-peer file-sharing application.

Between December 6 and 8, 2024, a detective employed by the Solano County Sheriff's Office used an undercover installation of this file-sharing application to download 139 video files depicting CSAM directly from Gonzalez-Reyes's laptop. As just one example, the undercover deputy sheriff downloaded a file from Gonzalez-Reyes that was more than fifty-seven minutes long and depicted a prepubescent girl approximately ten to twelve years old masturbating, followed by an adult male engaging in sexually explicit conduct with her.

In May 2025, law enforcement officers executed a search warrant at Gonzalez-Reyes's Vallejo residence. On Gonzalez-Reyes's laptop, officers encountered electronic log files demonstrating that Gonzalez-Reyes distributed thousands of CSAM files using the same file-sharing application over the course of the most recent approximately five years. Gonzalez-Reyes's laptop also contained hundreds of additional CSAM files saved to its hard drive, including at least two video files depicting the sexual exploitation of toddlers.

* * * * * *

I have reviewed the entire factual basis in Exhibit A above, and as far as my own conduct is concerned, I adopt it as my own statement.

Dated: 11/19/26

MARCOS GONZALEZ-REYES
Defendant